UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY J.,

               Plaintiff,              **DECISION AND ORDER**

    v.

                                       6:23-CV-06090 EAW

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

## INTRODUCTION

Represented by counsel, Plaintiff Kimberly J. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 8), and Plaintiff's reply (Dkt. 9). For the reasons discussed below, Plaintiff's motion (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 8) is denied.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on December 28, 2017. (Dkt. 5 at 185-86).¹ In her applications, Plaintiff alleged disability beginning on December 16, 2016, due to depression, anxiety, fibromyalgia, hypothyroidism, degenerative disc disease, osteoarthritis, nerve condition from neck to tailbone, and foot disability. (*Id.* at 163-64, 174-75). Plaintiff's applications were initially denied on March 6, 2018. (*Id.* at 187-99). A video hearing was held before administrative law judge ("ALJ") Brian Battles on September 20, 2019. (*Id.* at 42-88). On March 5, 2020, the ALJ issued an unfavorable decision. (*Id.* at 19-35). Plaintiff requested Appeals Council review; her request was denied on October 26, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 7-13).

Plaintiff appealed the decision to the United States District Court for the Western District of New York, and on March 9, 2022, the Court remanded Plaintiff's claim to the Commissioner for further administrative proceedings. (Dkt. 5-1 at 127-28, 131-33).

The ALJ held a telephone hearing on September 1, 2022. (Dkt. 5 at 710-15; Dkt. 5-1 at 1-57). On October 12, 2022, the ALJ issued a partially favorable decision. (Dkt. 5 at 679-701). This action followed.

---

¹ When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

### II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## **DISCUSSION**

### I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through June 30, 2025. (Dkt. 5 at 687). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 16, 2016, the alleged onset date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "degenerative disc disease, fibromyalgia, degenerative joint disease, status post second left toe fracture, obesity, and anxiety." (*Id*.). The ALJ further found that Plaintiff's medically determinable impairments of hypothyroidism, thyroid nodule, bilateral myopia, and presbyopia were non-severe. (*Id*. at 687-88).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 688). The ALJ particularly considered the criteria of Listings 1.15, 1.16, and 1.18 in reaching his conclusion, as well as considering Plaintiff's fibromyalgia pursuant to Social Security Ruling ("SSR") 12-2p, and the effect of Plaintiff's obesity as required by SSR 19-2p. (*Id.* at 688-91).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except:

> [Plaintiff] can frequently push and pull and operate hand controls with the bilateral upper extremities. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] can occasionally climb ramps and stairs and can never climb ladders, ropes, or scaffolds. [Plaintiff] can frequently handle, finger, and reach with the bilateral upper extremities. [Plaintiff] can never work in an area that has concentrated exposure to extreme heat, cold, or humidity. [Plaintiff] can never work in hazardous environments, such as at unprotected heights or around moving mechanical parts. [Plaintiff] can understand, remember, and carry out simple instructions in the workplace.

(*Id.* at 691). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 699).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed prior to July 26, 2022, the date on which Plaintiff's age category changed from a younger individual to an individual closely approaching advanced age, including the representative occupations of call out operator, addresser, and document preparer. (*Id.* at 700). Accordingly, the ALJ found that Plaintiff was not disabled prior to July 26, 2022, but became disabled on that date, and has continued to be disabled through the date of the ALJ's decision. (*Id.* at 701).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that the ALJ erred by not including more stringent limitations in the RFC, despite crediting the opinion of Alan Chu, D.O., who assessed that Plaintiff had moderate limitations for

- 6 -

reaching, pushing, and pulling. (Dkt. 6-1 at 1, 15-19). Plaintiff contends that the ALJ's finding that Plaintiff could frequently push, pull, and reach with her bilateral upper extremities conflicts with the assessed moderate limitation for performing those activities. (*Id*. at 17). In response, the Commissioner contends that "some Western District of New York cases have held that a moderate limitation in reaching is not inconsistent with an RFC restriction to frequent reaching," acknowledging that there are cases finding that remand is warranted where the ALJ fails to explain how a limitation to frequent reaching accounts for moderate limitations. (Dkt. 8-1 at 4-5). The Commissioner takes the position that in this case, the ALJ gave an adequate explanation for his failure to adopt more stringent limitations. (*Id*. at 5-9). For the reasons explained below, the Court disagrees.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *id*., an ALJ is not a medical professional, and therefore he "is not qualified to assess a claimant's RFC on the basis of bare medical findings," *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted). At bottom, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to] consider[ ] the medical and other evidence in the record in its totality to reach an RFC determination"); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F.

App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (quotations, citations, and alteration omitted)).

> Finally, as relevant to this case:
>
> When an ALJ adopts only parts of a medical opinion, he must explain why the other parts were rejected. *Raymer v. Colvin*, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) ("[A]n ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portion."). But the "explanation need not be exhaustive: it is enough if the Court can 'glean the rationale of an ALJ's decision.'" *Chance v. Comm'r of Soc. Sec.*, 2019 WL 2123565, at *6 (W.D.N.Y. May 15, 2019) (quoting *Monguer v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

*Lori M. v. Comm'r of Soc. Sec.*, No. 19-CV-1629-LJV, 2021 WL 230916, at *4 (W.D.N.Y. Jan. 22, 2021).

Dr. Chu, the consultative examiner, examined Plaintiff on February 13, 2018. (Dkt. 5 at 423-27). A physical examination revealed that Plaintiff appeared to be in no acute distress, her gait and stance were normal, and she did not require help changing for the examination and getting on and off of the examination table. (*Id*. at 425). Plaintiff could rise from the chair without difficulty. (*Id*.). However, she could not walk on her toes and could squat only halfway down, due to loss of balance. (*Id*.).

A musculoskeletal exam revealed cervical flexion/extension of 30 degrees each, rotation 65 degrees bilaterally, and lateral flexion 30 degrees bilaterally. (*Id*. at 426). Plaintiff had no scoliosis, kyphosis, or abnormality in the thoracic spine. (*Id*.). Lumbar spine had full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. (*Id*.). Straight-leg raise test was negative bilaterally. (*Id*.). Shoulder forward

elevation was 135 degrees bilaterally, abduction was 135 degrees, and adduction, internal rotation, and external rotation were full bilaterally. (*Id*.). Plaintiff had full range of motion in her elbows, hands, wrists, hips, knees, and ankles bilaterally, with no evidence of subluxations, contractures, ankylosis, or thickening. (*Id*.). Her joints were stable and nontender, and there was no redness, heat, swelling, or effusion. (*Id*.). Plaintiff had tender points in her upper back, shoulder, and elbow, including at the right-sided occiput, right-sided trapezius, left-sided supraspinatus, bilateral greater trochanter, bilateral lateral epicondyle, and bilateral knees. (*Id*.). Plaintiff's hand and finger dexterity were intact with 5/5 grip strength bilaterally, her strength was 5/5 in the upper and lower extremities, and she had no cyanosis, clubbing, edema, or evident muscle atrophy in the extremities. (*Id*.). Following the examination, Dr. Chu issued the following medical source statement:

> [Plaintiff] has moderate restrictions for reaching overhead, performing overhead activities, heav[y] lifting, carrying, pushing, and pulling. She should avoid driving or operating machinery because of the seizure history.

(*Id*. at 426-27).

The ALJ discussed Dr. Chu's opinion in the written determination:

Consultative examiner, Alan Chu, DO, opined in February 2018 that the claimant had moderate restrictions for reaching overhead, performing overhead activities, heav[y] lifting, carrying, pushing, and pulling and that she should avoid driving or operating machinery. The undersigned has considered this opinion and finds it to be persuasive. While this opinion was not stated in functional terms, it is supported by Dr. Chu's examination notes and the claimant's performance during her consultative evaluation and is generally consistent with the longitudinal record. As discussed above, the [plaintiff]'s diagnostic imaging showing degenerative changes in her lumbar and cervical spine; her left toe surgery; her normal and abnormal physical examination findings; her treatment throughout the period at issue; her positive response to medication and physical therapy; her activities of daily living; and her subjective complaints are consistent with a limitation to

sedentary work with the above postural, manipulative, and environmental limitations.

(*Id*. at 695 (citations omitted)).

The Court agrees with Plaintiff that the ALJ failed to explain why he did not adopt more stringent limitations for reaching, pushing, and pulling, despite his crediting Dr. Chu's opinion that Plaintiff had moderate restrictions for reaching overhead, performing overhead activities, heavy lifting, carrying, pushing, and pulling. There is conflicting case law on the issue of whether a restriction to performing an activity "frequently" accommodates a moderate limitation. *Compare Tomaszewski v. Berryhill*, No. 18-CV-728-HKS, 2019 WL 5853404, at *3 (W.D.N.Y. Nov. 8, 2019) ("[T]his Court has held that 'a moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity.'" (citation omitted)), *with Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp. 3d 132, 140 (W.D.N.Y. 2022) ("Courts in this district have found mild to moderate hand limitations to be inconsistent with the ability to frequently reach, handle, and finger." (alteration omitted) (quoting *James B. v. Saul*, No. 19-CV-6493F, 2021 WL 615855, at *5 (W.D.N.Y. Feb. 17, 2021)); *Holstrom v. Comm'r of Soc. Sec.*, No. 1:19-CV-00445(JJM), 2020 WL 3989349, at *4 (W.D.N.Y. July 15, 2020) ("ALJ Haaversen's opinion is silent on Dr. Balderman's moderate limitation in plaintiff's use of her hands for gross motor work. The Commissioner does not dispute that such [a] limitation conflicts with the RFC, which assessed plaintiff with the ability to perform gross manipulation and handling frequently.").

Putting aside the issue of the conflicting case law, more problematic is the ALJ's failure to explain why he did not include greater limitations. The ALJ's failure to do so is

particularly problematic in this case, since Dr. Chu's opinion of moderate limitations for reaching, pushing, and pulling is supported by his examination of Plaintiff, which revealed reduced range of motion and/or tender points in her upper back, neck, and shoulders—all of which would be implicated in performing those activities. Despite this supporting evidence, the written determination includes no specific discussion of why the ALJ failed to adopt more stringent limitations, such as restricting Plaintiff to reaching, pushing, and pulling on an occasional basis. Rather, the written determination discusses evidence supporting that Plaintiff had significant limitations for performing these activities. (*See, e.g.*, Dkt. 5 at 692 (discussing Plaintiff's degenerative disc disease, fibromyalgia, and degenerative joint disease, wherein the record revealed that Plaintiff "complained of muscle twitching and paresthesia in the neck, neck pain that radiates to her right shoulder, headaches, morning stiffness, chronic fatigue, tenderness . . . and numbness and tingling and her bilateral arms and hands"); *id*. (discussing examinations which showed reduced cervical range of motion and tenderness, reduced range of motion in her neck, and multiple cervical triggers); *id*. at 693 (discussing treatment with right shoulder injections)).

While the ALJ discussed that Plaintiff had intact sensation and reflexes, normal and unassisted gait, full range of motion in her lumbar spine, no tremors, negative straight-leg raise test, full range of motion in her elbows, hands, wrists, hips, knees, and ankles, and stable and non-tender joints, this discussion does not address limitations for reaching, pushing, and pulling. In other words, the fact that Plaintiff can walk normally and has full range of motion in her hips, knees, and ankles, does not have any bearing on her ability to reach, push, or pull with the bilateral upper extremities, and the Court cannot glean from

the written determination why the ALJ found the restriction to performing these activities frequently to be sufficient. *See Olga M. v. Comm'r of Soc. Sec.*, No. 1:22-CV-03217-GRJ, 2023 WL 4558509, at *5 (S.D.N.Y. July 17, 2023) ("While there is case law where a moderate limitation in neck movement was incorporated in an RFC that permits frequent head turning, those cases involved situations where there was a 'noted lack of evidence to support a need for greater restriction.'" (citation omitted)); *see also Jaret B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-0896-CJS, 2024 WL 1014051, at *8 (W.D.N.Y. Mar. 8, 2024) ("In sum, there is an obvious discrepancy between the RFC finding and two medical opinions which the ALJ found to be persuasive, and the Court cannot glean the ALJ's rationale from the rest of his decision.").

Had the ALJ explained why he believed the restriction to "frequent" reaching, pushing, and pulling to be adequate, the Court could have meaningfully reviewed that determination. While the Court cannot say there would never be a case where a restriction for frequently performing these activities would accommodate a moderate limitation, given the conflict in the case law and the lack of further explanation, the Court cannot presently make that determination in this case. Accordingly, remand is required.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                                                                    _____
                                                                                    ELIZABETH A. WOLFORD
                                                                                    Chief Judge
                                                                                    United States District Court

Dated: March 25, 2024
           Rochester, New York